UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RAFAEL MADRID-OJEDA,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

Civil No. 05-1824 (DWF/SRN)

**REPORT AND RECOMMENDATION**

    This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Petitioner's habeas corpus petition be construed to be a motion for relief under 28 U.S.C. § 2255, and that this matter be transferred to the United States District Court for the District of Nebraska.

**I. BACKGROUND**

    Petitioner is a prisoner at the Federal Correctional Institution in Waseca, Minnesota. He is serving a 120-month federal prison sentence that was imposed on August 2, 2004, after he pleaded guilty to a federal criminal offense involving a "drugs conspiracy." Petitioner was charged, convicted and sentenced in the District of Nebraska. (Petition, [Docket No. 1], p. 2, ¶s 1-5.)

    Following his conviction and sentence, Petitioner filed a direct appeal with the Eighth Circuit Court of Appeals. The Court of Appeals upheld Petitioner's conviction and sentence in a decision dated June 10, 2005. United States v. Madrid-Ojeda, 134 Fed.Appx. 107 (8th Cir. 2005), (unpublished opinion). Petitioner has not challenged his conviction or sentence

in a motion brought under 28 U.S.C. § 2255, or in any other prior collateral proceeding. (Petition, [Docket No. 1], p. 3, p 10.)

In his current § 2241 habeas corpus petition, Petitioner challenges the prison sentence imposed in his Nebraska criminal case, claiming that –

(1) "Since now the [Sentencing] Guidelines are advisory instead of mandatory," he should be given a new, lower sentence that would be closer to the sentences imposed on other individuals who allegedly committed similar crimes, but received shorter sentences; and

(2) "Now that the Guidelines are advisory," he should be given a new, lower sentence that would be consistent with the Guideline's "Fast-Track Programs," in order to "reduce unwarranted disparity between similar[ly] situated offenders."

Although Petitioner has not specifically cited United States v. Booker, 125 S.Ct. 738 (2005), both of his claims for relief are obviously based, at least in part, on Booker's pronouncement that the Federal Sentencing Guidelines are now "advisory," rather than mandatory.

For the reasons discussed below, the Court finds that Petitioner cannot challenge his conviction or sentence in a habeas corpus petition brought under 28 U.S.C. § 2241. Petitioner's current claims for relief can be raised only in a motion brought before the original trial court pursuant to 28 U.S.C. § 2255.

## II. DISCUSSION

The fifth paragraph of 28 U.S.C. § 2255 provides that

"[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., 28 U.S.C. § 2255], <u>shall not be entertained if it appears that the applicant has failed to</u>

, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." (Emphasis added.)

As this statute clearly indicates, a federal prisoner normally can raise a collateral challenge to the validity of his conviction or sentence only by bringing a § 2255 motion in the court in which he was convicted. See Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003) ("[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241"). No court other than the original trial court has jurisdiction to hear a post-conviction challenge to a prisoner's conviction or sentence, unless the prisoner has affirmatively demonstrated that the remedy provided by section 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986)(per curiam), quoting 28 U.S.C. section 2255; see also, Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983)(per curiam).

Here, Petitioner is clearly challenging the validity of the sentence imposed in his Nebraska federal criminal case. Therefore, Petitioner's current claims for relief can be raised only in a § 2255 motion brought before the court in which he was convicted and sentenced, unless he can show that the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." Petitioner has made no effort to show that a § 2255 motion would be "inadequate or ineffective," and the Court cannot independently discern any valid reason

why Petitioner should not be required to pursue that remedy.[1]  Thus, the Court concludes that habeas corpus relief is not available under § 2241 for Petitioner's current claims.

Although the current petition could properly be dismissed without prejudice for lack of jurisdiction, (Cagle v. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966) (per curiam)), the Court has determined that the interests of justice would be better served by transferring this case to the only district that might properly be able to entertain Petitioner's current claims -- namely the District of Nebraska.  See 28 U.S.C. §§ 1406(a) and 1631.  It will therefore be recommended that the instant petition be construed to be a motion for relief filed under 28 U.S.C. § 2255, and transferred to the trial court in the District of Nebraska.  See Castro v. United States, 540 U.S. 375, 381-82 (2003) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category.... [Citations omitted.] They may do so in order to avoid an unnecessary dismissal,... to avoid inappropriately stringent application of formal labeling requirements... [citation omitted], or to create a better correspondence between the substance of a pro se motion's

---

[1] The Court recognizes, of course, that Petitioner may, in fact, be barred from pursuing a motion for relief under § 2255 for one or more reasons.  Indeed, it appears quite likely that his current claims may be barred by the doctrine of procedural default, because he failed to raise them in his direct appeal.  See United States v. Frady, 456 U.S. 152, 164-65 (1982).  However, even if Petitioner is procedurally barred from seeking relief under § 2255, he still cannot claim that § 2255 has become an "inadequate or ineffective remedy," and that he should therefore be allowed to seek habeas corpus relief under § 2241.  See United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (§ 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of limitations and/or grace period to expire") (citations omitted); see also Hill, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition").

claim and its underlying legal basis.").

The Court recognizes that the instant habeas corpus petition cannot properly be construed to be a § 2255 motion unless two pre-conditions are met. Morales v. United States, 304 F.3d 764, 767 (8th Cir. 2002).[2] First, Petitioner must be warned – and he hereby is warned – that federal law imposes substantial restrictions on the filing of "second or successive" § 2255 motions, and he must therefore include all of his collateral claims in a single application for post-conviction relief. If Petitioner has not included all of his collateral challenges in his current petition, he may want to consider withdrawing or amending his petition, so that he does not lose any of his claims under the rules governing successive § 2255 motions. Id. He should also be mindful of the statute of limitations that applies to § 2255 motions. Id.

Secondly, Petitioner must be given "an opportunity either to consent to the reclassification or to withdraw his motion." Id. If Petitioner wishes to take advantage of this opportunity mandated by Morales, and withdraw his current petition, he must do so, in writing, before the expiration of the deadline for filing objections to this Report and Recommendation.

### III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be construed to be a motion to vacate his conviction and sentence pursuant to 28

---

[2] See also Castro, 540 U.S. at 382-83.

U.S.C. § 2255; and

    2.  The Clerk of Court should be directed to transfer this action to the District of Nebraska pursuant to 28 U.S.C. §§ 1406(a) and 1631.

Dated: August 22, 2005

                                 s/ Susan Richard Nelson
                                 SUSAN RICHARD NELSON
                                 United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **September 6, 2005**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.